UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES, et al.,<br>*EX REL.* MICHAEL M. GREENWALD DDS,<br><br>*Plaintiff/Relator,*<br><br>v.<br><br>KOOL SMILES DENTRISTRY, PC,<br>KOOL SMILES DENTISTRY-2, PC,<br><br>*Defendants.* | Civil No. 3:10-cv-1100 (JBA)<br><br>September 12, 2018 |

**RULING ON MOTION FOR ATTORNEY FEES**

Relator Michael M. Greenwald, DDS, brought this action to recover damages and civil penalties on behalf of the United States arising from false claims and false statements allegedly made by the Defendants in violation of the False Claims Act, 31 U.S.C. §§3729-3733 ("FCA"). Relator alleged that Defendants violated the FCA by improperly billing and retaining payments from Medicaid for medically unnecessary treatments. (Am. Compl. [Doc. # 54] ¶ 1.)

On January 16, 2018, the United States and Relators notified the Court of the voluntary dismissal of this action pursuant to separate Federal and State Settlement Agreements. (Not. Voluntary Dismissal [Doc. # 70] at 1.) This Notice specifically excepted from this dismissal "any claims by Relators for reasonable expenses, costs and attorneys' fees under 31 U.S.C. § 3730(d)," *inter alia.* (*Id.* at 2.) On January 26, 2018, the Court ordered that in light of the Notice of Dismissal, all claims arising from the Covered Conduct, as defined in the parties' settlement agreements, were dismissed with prejudice, with the exception of Relator claims for expenses, costs, and fees, and

with the Court retaining jurisdiction over the parties to enforce the terms of the settlement agreements. ([Doc. # 72] at 1-2.) This Motion for Attorney Fees by Relator Greenwald followed. ([Doc. # 76].) In support of his motion, Greenwald makes the following representations:

> Representatives of the United States met with Dr. Greenwald and based on evidence provided by him intervened in this action. After protracted litigation and negotiations, the United States entered into a settlement agreement with Kool Smiles. As part of this settlement the United States and Dr. Greenwald executed releases in favor of Kool Smiles in return for a very substantial payment to the United States treasury.
>
> . . .
>
> Here the Government proceeded with Dr. Greenwald's and others' actions and reached a settlement with Kool Smiles. Neither the government nor Kool Smiles moved to dismiss Dr. Greenwald's action for any legal reason. A partial voluntary dismissal was entered into pursuant to a settlement agreement between the United States, Kool Smiles and the relators. At no time did the government indicate which relators' claims provided the necessary information to assist it in the prosecution of the case. In fact, the government moved to consolidate the other cases with Greenwald in this court. This buttresses, [sic] Greenwald's claim that he is entitled to attorney fees.

(Mem. Supp. Mot. for Attorney Fees [Doc. # 77] at 1-2.) Greenwald provides no other explanation or argument as to why he is entitled to attorneys' fees. He did not receive a relator share in the settlement agreement, (Settlement Agreement [Doc. # 85-2], Ex. 2 to Defs.' Opp'n to Mot. for Attorney Fees), and was not the first to file. While his counsel makes limited representations in Greenwald's legal memorandum, the record contains no documentation regarding any independent and material assistance to the Government or his entitlement to fees and costs under the FCA.

Defendants argue that Greenwald is not entitled to recover attorneys' fees and costs because he is not a prevailing relator, and that Greenwald was not first to file and received no relator share

2

under the settlement, while three other relators *did* receive a share. (Defs.' Opp'n to Mot. for Attorney Fees [Doc. # 85] at 1-2.)

The False Claim Act makes the following provision for payment of attorneys' fees to qui tam plaintiffs who receive awards:

> (d) Award to qui tam plaintiff.--(1) If the Government proceeds with an action brought by a person under subsection (b), such person shall, subject to the second sentence of this paragraph, receive at least 15 percent but not more than 25 percent of the proceeds of the action or settlement of the claim, depending upon the extent to which the person substantially contributed to the prosecution of the action. . . . *Any such person shall also receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs.* All such expenses, fees, and costs shall be awarded against the defendant.

31 U.S.C. § 3730(d)(1) (emphasis added). This language incorporates the FCA's first-to-file bar by defining "person" in § 3730(d)(1) to mean "person" under § 3730(b) ("Actions by private persons"), subsection (5) of which provides that "[w]hen a person brings an action under this subsection, no person other than the Government may intervene or bring a related action based on the facts underlying the pending action."

Here, Greenwald simply argues that he helped the Government's investigation and that "[a]t no time did the government indicate which relators' claims provided the necessary information to assist it in the prosecution of the case[,]" but offers no explanation why the settlement agreement which he signed allocated relator shares to some relators but not to Greenwald.

A review of the Federal Settlement Agreement supports the conclusion that Greenwald is not a prevailing relator as defined by § 3730(d)(1). Greenwald is a party to, and executed, the Agreement. (Settlement Agreement at 1, 27.) Greenwald's relator action is listed as one of the five civil actions against Benevis and the Kool Smiles Clinics filed by relators covered by the Agreement.

(*Id.* at 2.) Greenwald is identified by name in the 43-page Agreement only to identify him as a party, make clear that he brought one of the civil actions at issue, and reflect his execution of the Agreement. (*Id.* at 1-2, 27.) The Agreement makes clear that all of the relators "claim entitlement" to relator shares and to "reasonable expenses, attorneys' fees and costs[,]" and that Benevis and the Kool Smiles Clinics "reserve their right to contest, in whole or in part, any Relator's claim for expenses, attorneys' fees and costs . . . on any and all available grounds." (*Id.* at 5.) The Settlement Agreement expressly provides the amounts that Benevis and the Subject Kool Smiles Clinics must pay the United States and the State Medicaid programs, from which the United States would then pay relator shares to Relators Abendano, Rai, and Fitzgerald. (*Id.* at 6.) The Agreement makes no provision for the payment of any relator share to Greenwald and expressly disclaims that the United States will pay Greenwald any share: "No other relator share payments shall be made by the United States with respect to the matters covered by this Agreement." (*Id.*) The Agreement also provides that if relators who filed any of the aforementioned five civil actions make any separate agreements "concerning the allocation of the [relator share] amounts paid by the United States to Relators Abendano, Rai, and Fitzgerald pursuant to 31 U.S.C. § 3730(d)[,]" those relators will abide by the terms of those separate agreements. (*Id.*) Greenwald offers no documentation of the existence of any such side agreements among relators, including himself.

4

In sum, Greenwald offers no substantive explanation as to why he qualifies to receive attorneys' fees and costs under § 3730(d)(1) despite not receiving a relator share, and fails to address any of Defendants' legal arguments concerning his ineligibility for an award of attorneys' fees. Given Greenwald's failure to establish his legal entitlement to attorneys' fees or any facts, supported by record evidence, that would bolster such a legal claim, his Motion for Attorney Fees is DENIED.

IT IS SO ORDERED.

    /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 12th day of September 2018.